**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD DELAUNE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-553** |
| **TAYLOR SEIDENBACH, INC., ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court is a motion[1] by Plaintiff Edward Delaune to remand his lawsuit to Orleans Parish Civil District Court. No opposition has been filed. Because Plaintiff voluntarily dismissed his claims against Huntington Ingalls Incorporated f/k/a Avondale Shipyards, Inc., effectively amending his lawsuit to remove the singular jurisdictional anchor, the Court lacks jurisdiction, so the motion to remand is **GRANTED**.

## I. BACKGROUND

Edward Delaune alleges that he was diagnosed with lung cancer due to exposure to asbestos. He filed suit in state court against 12 defendants, including Huntington Ingalls Incorporated f/k/a Avondale Shipyards, Inc. ("Avondale"). In his state-court petition, Plaintiff alleged that he was exposed to asbestos, in part, because his father brought home asbestos fibers on his clothes when he worked as a welder at Avondale from 1959 to 1969. Avondale removed the case to this Court under 28 U.S.C. § 1442(a)(1), the federal officer removal statute.

[1] ECF No. 41.

After removal, Plaintiff discovered that his father was never employed at Avondale. With Avondale's consent, Plaintiff promptly dismissed his claims against Avondale; Avondale likewise dismissed all cross claims and third-party claims it had filed, with the consent of all parties.[2] Plaintiff now moves to remand his lawsuit to state court.

## II. LAW AND ANALYSIS

The Federal Officer Removal Statute authorizes removal of a suit by the "United States or any agency thereof (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any color of such office[.]" 28 U.S.C. § 1442(a)(1). Suits against federal officers may be removed if a defense depends on federal law, even if plaintiff's complaint does not assert a federal claim. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999), *superseded in part by statutory amendment as indicated in Chevron USA Incorporated v. Plaquemines Parish*, 608 U.S. 1, 11 n.3 (2026). To establish federal jurisdiction under the federal-officer removal statute, the defendant must show: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

---

[2] ECF Nos. 36-37, 38, 40.

Although federal courts are courts of limited jurisdiction, "federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[U]nlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." *See Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021); *see also Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 414 (5th Cir. 2024) (unlike other removal doctrines, the Fifth Circuit "broadly construe[s] the federal officer removal statute in favor of a federal forum").

It is undisputed that Avondale properly removed the case under this federal-officer removal framework and that this Court had subject matter jurisdiction at the time of removal given the federal officer defense advanced. However, Plaintiff has since discovered that his father was never employed at Avondale such that he has no basis for pursuing asbestos-exposure allegations against Avondale as originally alleged in his state court petition. He concedes he has no basis to recover against Avondale. With Avondale's blessing, he accordingly dismissed his claims against Avondale, eliminating the jurisdictional anchor—Avondale's alleged "acting under" status. Having done so, invoking *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), Plaintiff contends that remand is mandatory because his state-court petition alleges only state-law claims and the jurisdictional anchor "has been eliminated entirely."[3] Because Plaintiff's claims against Avondale are "gone for good,"

[3] ECF No. 41-1 at 5-6.

Plaintiff has eliminated the claims that anchored this Court's removal jurisdiction, leaving only state-law claims against non-federal officers. This Court's power to decide the case has "dissolved" such that remand is mandated.

In *Royal Canin*, the plaintiff originally filed a complaint containing federal and state law claims. Invoking federal-question jurisdiction, the defendant removed the lawsuit to federal court. Post-removal, the plaintiff deleted the federal claims by filing an amended complaint and moved to remand. The district court ultimately denied the motion to remand, but the Eighth Circuit vacated, ordering that the case be remanded. The Supreme Court affirmed, holding that when a plaintiff amends her complaint to eliminate the federal claims that predicated removal to federal court, leaving only state-law claims behind, the federal court loses supplemental jurisdiction over the state claims, and the case must be remanded to state court. 604 U.S. at 25, 30.

To be sure, the Supreme Court was presented with the plaintiff's post-removal *amendment* to a complaint to eliminate federal claims and whether such an amendment could divest the federal court of its once-assumed federal and supplemental jurisdiction. *Id.* at 25 ("This case presents [this] question: What happens if, after removal, the plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind? May the federal court still adjudicate the now purely-state-law suit? We hold that it may not."). In analyzing an amendment's impact on jurisdiction, the Supreme Court necessarily consulted the supplemental jurisdiction statute, observing that: "Section 1367 contemplates that

when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew. If nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction,' then neither does anything fall within the court's 'supplemental jurisdiction.'" *Id.* at 30. (citing § 1367(a)). In other words, "there is no discretion to decline supplemental jurisdiction . . . because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them." *Id.* at 33-34. Thus, where the plaintiff "amends her complaint to withdraw the federal claims" that conferred federal-question jurisdiction over a case removed pursuant to 28 U.S.C. § 1441, the lawsuit must be remanded to state court. *Id.* at 33, 39 ("By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority.").

Notably, *Royal Canin* distinguishes between claims "dismissed by the district court, as in § 1367(c)(3)," which "may yet [be] revive[d]" by a court of appeals, and those that may not be revived—those that are "gone for good." *Id.* at 33. In the former dismissed-but-may-be-revived category, where a plaintiff's federal claims are dismissed on the merits or otherwise dismissed against the plaintiff's wishes (*e.g.,* when the court grants a defendant's motion to dismiss or for summary judgment), the district court may retain supplemental jurisdiction over the remaining claims, considering that the jurisdiction-conferring dismissed claims may be revived. *See, e.g., Allen v. City of New York*, No. 24-2589, 2025 WL 3152723, at *2 (2d Cir. Nov. 12, 2025) (summary order) (concluding that the district court did not abuse its discretion

in exercising supplemental jurisdiction over state law claims after federal claims were dismissed on summary judgment); *see also Recoop LLC v. Outliers Inc.*, No. 24-CV-1810, 2026 WL 42466, at *1 (S.D.N.Y. Jan. 7, 2026) ("The Court continues to have . . . jurisdiction because the federal claims were dismissed on the merits and not voluntarily dismissed."); *cf. LeBoeuf v. Huntington Ingalls, Inc.*, No. 24-1695, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025) (Vance, J.) (denying motion to remand after dismissing federal-officer defendant's federal defense on the merits, observing that "[b]ecause federal jurisdiction under 28 U.S.C. § 1442(a) survives the [merits-]dismissal of federal defenses, the Court need not consider whether it should exercise supplemental jurisdiction over plaintiff's claims under 28 U.S.C. § 1367").

Construing the latter gone-for-good category, courts have extended *Royal Canin*'s application beyond circumstances in which the plaintiff formally amends her complaint to circumstances where the plaintiff voluntarily stipulates or dismisses claims. *See, e.g., Walker v. Arizona*, 158 F.4th 971, 977, 981 (9th Cir. 2025) (holding that "a joint stipulation to dismiss claims functions the same as a plaintiff amending her complaint as a matter of right under Rule 15[]"); *Leifer v. Good Samaritan Hosp.*, No. 24-7672, 2026 WL 1948404, at *6-8 (S.D. N.Y. July 2, 2026) (applying *Royal Canin* in the federal-officer removal context, even though the dismissal was pursuant to Rule 41(a) "[b]ecause the claims are gone from this Action 'for good'");[4] *Stern v.*

[4] The district court in *Liefer* collects cases in which courts applied—or declined to apply—*Royal Canin* in the federal officer removal context:

> While some courts declined to apply *Royal Canin* to an action removed pursuant to 28 U.S.C. § 1442, every case to do so has involved a § 1442 remand that would be subject to review and where the jurisdiction-conferring claim might be reinstated on appeal.

*Gozinsky*, No. 24-CV-6962, 2025 WL 3674288, at *4 n.3 (E.D. N.Y. Dec. 18, 2025) (holding that "Stern's affirmative act of voluntary dismissal . . . is akin to amendment of the operative pleading and it deprives this Court of subject matter jurisdiction").

So too here. Like an amendment to a pleading, Delaune's affirmative act voluntarily dismissing his claims against Avondale renders such claims "gone for good" and, under the circumstances here, not capable of being revived. Delaune's affirmative act of voluntary dismissal thus effectively amended the operative pleading, depriving this Court of subject matter jurisdiction. *See Royal Canin*, 604

---

*See Steib v. Huntington Ingalls, Inc.*, No. 24-CV-2486, 2025 WL 2532696, at *3 (E.D. La. Sept. 3, 2025) (rejecting argument that *Royal Canin* required remand if immunity defense would fail on the merits); *LeBoeuf v. Huntington Ingalls, Inc.*, No. 24-CV-1695, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025) (concluding that *Royal Canin* did not apply in case removed under federal officer removal statute, primarily relying on the fact that the federal defense was "dismisse[d] ... on the merits" at summary judgment, but also noting that the federal officer removal statute is construed more broadly than § 1441). And where claims that originally permitted the removal of the action pursuant to § 1442 have been voluntarily dropped by a party, courts have readily applied the *Royal Canin* rule. *See, e.g., California by & through Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1080–81 (9th Cir. 2025) (explaining that "[t]o prevent a defendant from removing under the federal officer removal statute, plaintiffs may disclaim in their complaint claims that would serve as the basis for removal" and requiring that "[t]o defeat removal, an express disclaimer must explicitly renounce claims upon which federal officer removal was based"); *Brown v. Arrowhead Reg'l Med. Ctr.*, No. 26-CV-658, 2026 WL 1216191, at *1–2 (C.D. Cal. May 4, 2026) (noting that case was removed pursuant to federal officer removal statute, but concluding that as the amended complaint no longer asserted a claim permitting federal officer removal or otherwise conferring federal jurisdiction, remand was appropriate pursuant to *Royal Canin*); *Horton v. Gen. Elec. Co.*, No. 25-CV-100, 2025 WL 2933858, at *6 (W.D. Ky. Oct. 15, 2025) (concluding, in case where complaint was amended to disclaim any possibility of recovery based on injury during federal military service (which gave rise to § 1442 removal), that, "because [the defendant] cannot assert a colorable federal defense to any of the claims remaining in this case, the Court has no basis to exercise original jurisdiction and therefore remand is required as to all the claims" and citing *Royal Canin*)); *Citizen Potawatomi Cmty. Dev. Corp. v. Beauchamp*, No. 24-CV-662, 2025 WL 1272835, at *1 (W.D. Okla. May 1, 2025) (reasoning, where complaint was amended such that party who provided basis for removal pursuant to § 1442 was no longer party to the suit, that the case should be mandatorily remanded pursuant to *Royal Canin*).

*Liefer*, 2026 WL 1948404, at *10.

U.S. at 39 ("By adding or subtracting claims or parties, and thus reframing the suit, [the plaintiff] can alter a federal court's authority."); *see also Walker*, 158 F.4th at 977 ("Following *Royal Canin* . . . does a joint stipulation by the parties to dismiss claims function the same as amendment under Rule 15(a)(1)(B)? We hold that it does because it alters the substance of the complaint[.] Walker therefore did not 'amend' his complaint in the same manner as the plaintiff in *Royal Canin* did. But for assessing jurisdiction under *Royal Canin*, that makes no difference."); *Leifer*, 2026 WL 1948404, at *6-8 (applying *Royal Canin* in the federal-officer removal context, where the dismissal was pursuant to Rule 41(a)). It would make little common sense—and indeed would elevate form over substance—were the Court to conclude that Delaune must file a formal motion to amend his pleading solely to achieve what has been done: the affirmative and voluntary "gone for good" dismissal of his claims against Avondale.

Where, as here, the claims serving as the federal jurisdictional anchor are "gone for good" from the case, and may not be revived on appeal, the Court lacks discretion or ability to exercise supplemental jurisdiction over the remaining state law claims. *Royal Canin*, 604 U.S. at 33; *see also Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 431 (2026) ("[The defendant], however, was not dismissed correctly, and the interlocutory nature of that dismissal meant that it was reversible on appeal from the final judgment in [the plaintiff's] favor. [The defendant] thus was only temporarily and erroneously removed from the case; it was not 'gone for good.' When the Fifth Circuit reversed the [d]istrict [c]ourt's error, it restored [the

defendant] to the case and correctly held that the jurisdictional defect had not been cured. That meant that the defect 'lingered through judgment' and that the [d]istrict [c]ourt's judgment therefore 'must be vacated.'" (citation omitted)).

Here, the dismissed, jurisdiction-conferring claim (Plaintiff's claim against ostensible federal-officer Avondale) may not be revived on appeal. Thus, even though Plaintiff did not formally amend his complaint to eliminate his claims against Avondale from his lawsuit, he has effectively done so, and this case no longer has a federal anchor for jurisdiction.

## III. CONCLUSION

Though supplemental jurisdiction may remain discretionary where a plaintiff's federal claims have been involuntarily dismissed (with the potential to be revived), such as when a defendant's motion to dismiss or for summary judgment has been granted, that is not the case here. Here, the dismissed, jurisdiction-conferring claim (Plaintiff's claim against ostensible federal-officer Avondale) is gone for good and may not be revived on appeal. Thus, even though Plaintiff did not formally amend his complaint to remove his claims against Avondale from his lawsuit, he has effectively done so by affirmatively securing dismissal of his claims against Avondale, once he discovered that he had no valid claim against the ostensible federal officer. Where as here, the dismissed, jurisdiction-conferring claim may not be revived on appeal, the Court lacks jurisdiction and may not exercise supplemental jurisdiction over the remaining state law claims (absent some other basis for jurisdiction). Accordingly,

**IT IS ORDERED** that the motion[5] to remand is **GRANTED**. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 28th day of October, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[5] ECF No. 41.